

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 14, 1966

Honorable Doug Crouch          Opinion No. C-635
District Attorney
Tarrant County                 Re:  Whether a corporation court
Fort Worth, Texas                   may legally tax costs in a
                                    criminal case.

Dear Sir:

By your recent letter you have requested an opinion of this office as follows:

"We would, therefore, like to request your opinion whether, in view of the above mentioned statutes, the County Judge or County Clerk should impose, require to be collected, or record any costs (except the maximum of $7.50 for a warrant commented on in Article 45.06) which are assessed by the Corporation Court in cases which are on appeal from said Corporation Court.

"We would further like to request your opinion as to the legality of a corporation court assessing or collecting any costs in a criminal case."

Insofar as your statement in parenthesis "(except the maximum of $7.50 for a warrant commented on in Article 45.06)" is concerned, we direct your attention to the fact that Article 45.06, of the 1966 Code of Criminal Procedure, after providing for a city to make rules providing for execution against the property of the defendant, or imprisonment of the defendant for the collection of fines imposed by the Corporation Court, then provides that "All such fines, and the special expenses described in Article 17.04 dealing with the requisites of a personal bond and a special expense for the issuance and service of a warrant of arrest, after due notice, not to exceed $7.50, shall be paid into the city treasury for the use and benefit of the city, town or village."

Article 17.04 of the Code provides for the requisites of a personal bond, and the conditions of the bond are that

the defendant will pay to the court the principal sum of _____ dollars plus all necessary and reasonable expenses incurred in any arrest for failure to appear. It necessarily follows that if the defendant fails to appear, and a forfeiture of the bond has been declared, that, not only the principal of the bond but such special expenses would be recoverable in a civil suit as provided in Article 22.10 of the Code. Such special expenses for the issuance and service of a warrant of arrest referred to in Article 45.06 would not be chargeable as costs in the criminal case.

Articles 45.07 and 45.11, 1966 Code of Criminal Procedure provides as follows:

Article 45.07   Collection of costs

"No costs shall be provided for by any ordinance of any incorporated city, town, or village, and none shall be collected."

Article 45.11   Disposition of fees

"The fine imposed on appeal and the costs imposed on appeal shall be collected of the defendant, and such fine of the corporation court when collected shall be paid into the municipal treasury."

It is the opinion of this office that the county judge or county clerk cannot lawfully tax costs in criminal cases on appeal from the corporation court other than those costs which are incurred in the county court by virtue of the 1966 Code of Criminal Procedure. The corporation court cannot lawfully tax costs against a defendant in a criminal case.

### SUMMARY

The county judge or county clerk cannot collect, impose or record any costs assessed by the corporation court in criminal cases. The corporation court cannot lawfully tax any costs against a defendant in a criminal case.

Expenses allowed by Article 17.04, 1966 Code of Criminal Procedure, are collectable

only by civil judgment and not as costs in a criminal case.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: HOWARD M. FENDER
Assistant Attorney General

HMF/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Shultz
Phillip Crawford
Lonny Zwiener
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright